UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ERMINE L. SHELTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RIVERSTONE OPERATING COMPANY, INC., a Texas Corporation; BLACKROCK REALTY ADVISORS, INC., a Delaware Corporation,<br><br>　　　　Defendants. | Case No. 2:11-cv-01092<br><br>[formerly County of King Superior Court Case No. 11-2-1698-6]<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**(DIVERSITY JURISDICTION)** |

TO:　　　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

AND TO:　　RODNEY R. MOODY, ATTORNEY FOR PLAINTIFF

　　**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Riverstone Operating Company, Inc. ("Riverstone") and BlackRock Realty Advisors, Inc. ("BlackRock") (together "Defendants") hereby remove this action from the Superior Court of the State of Washington in and for the County of King (the "King County Superior Court") to the United States District Court for the Western District of Washington.

　　In support of the removal, made pursuant to this "Notice of Removal of Civil Action to Federal Court (Diversity Jurisdiction)" (the "Notice of Removal"), Defendants state as follows:

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT - 1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

# STATE COURT ACTION

1. On May 9, 2011, Plaintiff Ermine L. Shelton ("Plaintiff") commenced a civil action (the "State Action") against Defendants in the King County Superior Court by filing a complaint captioned *Ermine L. Shelton v. Riverstone Operating Company, Inc., a Texas Corporation, BlackRock Realty Advisors, Inc., a Delaware Corporation*, Case No. 11-2-16928-6 SEA, a true and correct copy of which is attached, along with the Summons served on Riverstone, as Exhibit A (the "Complaint"). Attached as Exhibit B is a true and correct copy of the Summons and the Complaint as served on BlackRock.

2. Plaintiff's Complaint and Summons were served on both Defendants on or about June 2, 2011. The Complaint and Summons are all of the process, pleadings, and/or orders served on any party in the State Action. Defendants filed a Notice of Appearance in the State Action on June 20, 2011, a copy of which is attached hereto as Exhibit C.

3. Plaintiff's Complaint asserts numerous employment-related claims, including claims for an alleged "failure to accommodate" her disabilities, "retaliatory discharge," "age discrimination," "racial discrimination," "gender discrimination," and "wrongful termination in violation of public policy." *See generally* Complaint ¶¶ 4.4, 5.5, 6.5, 7.5, 8.4, and 9.4.

# DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this case under 28 U.S.C. § 1332, which requires that the parties to a lawsuit be citizens of different states and the amount in controversy exceeds $75,000.

### Complete Diversity of Citizenship

5. Complete diversity of citizenship exists between the parties. Defendants are informed and believe that Plaintiff is a citizen and resident of the State of Washington. *See* Complaint ¶ 1.1. Defendant Riverstone is a Delaware corporation with its principal place of business in the State of Texas. Defendant BlackRock is a Delaware corporation with its principal place of business in the State of New York.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 2

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2141 | Fax: 503-224-4518

**Amount In Controversy**

6.      Removal on the basis of diversity jurisdiction is proper if the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

7.      In her Complaint, Plaintiff demands economic damages, including compensation for "economic harm," including "lost wages," "lost benefits," and "lost housing," in an unspecified amount. Complaint ¶¶ 4.4, 5.5, 6.5, 7.5, 8.4, and 9.4. Plaintiff's Complaint also makes an unspecified demand for compensation for "emotional pain and suffering" caused by Defendants' alleged wrongdoing. Complaint ¶ 11 (the unnumbered prayer for relief). Plaintiff also seeks unspecified attorneys fees for all causes of action other than for breach of contract. *Id.*

8.      Notwithstanding the Complaint's failure to allege damages in any amount, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy under Plaintiff's Complaint exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (noting a removing party must show the amount in controversy by a "preponderance of the evidence"). This low "burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996).

9.      Pursuant to Local Civil Rule ("CR") 101(a), Defendants allege that Plaintiff is seeking damages in amount greater than the minimum jurisdictional amount of this Court. At the time of her termination in July 2010, Plaintiff was earning approximately $32,000 per year. Her Complaint seeks "lost wages," which generally includes back pay and front pay in employment-related cases such as this one. In light of the fact that Plaintiff was terminated approximately one year ago and the time needed to get to trial, Plaintiff's claim for back pay is itself likely to exceed $62,000. Further, based on past experience, it is likely that Plaintiff will claim at least one year of front pay, which means the amount in controversy on Plaintiff's claim for "lost wages" itself will be in the range of $93,000. This alone exceeds the jurisdictional amount.

///

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 3

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2141 | Fax: 503-224-4518

10. Plaintiff seeks unspecified compensation for "emotional harm" based on Defendants' purported discrimination. Complaint ¶ 11. Emotional damages are included in the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In light of her claims that she has been a victim of no less than six forms of invidious discrimination, it is more likely than not that Plaintiff will seek compensation in excess of six figures. Again, these damages alone would exceed the jurisdictional amount.

11. Plaintiff seeks to recover attorneys' fees and costs. Attorneys' fees are included when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (1998). Based on similar cases involving the types of alleged statutory violations in this case, it is not usual for attorneys' fees, standing alone, to exceed the $75,000 jurisdictional minimum.

12. Based on the foregoing, Defendants allege that Plaintiff is seeking damages in amount greater than the minimum jurisdictional amount of this Court.

### ACTION REMOVABLE

13. This action is removable to this Court under 28 U.S.C. §§ 1441 and 1446 because this Court would have had original diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires parties to be citizens of different states and the amount in controversy to exceed $75,000, had Plaintiff initially elected to file the State Action in federal court.

14. Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as the United States District Court for the district and division embracing the place where the state court action is pending.

15. Defendants have good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by filing this Notice of Removal.

16. Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in the State Action. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of

/ / /

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2141 | Fax: 503-224-4518

1  Removal with its exhibits will be promptly filed with the Clerk of the King County Superior
2  Court.
3       17.    Defendants will also promptly file copies of any records or proceedings filed or
4  lodged with the King County Superior Court – other than documents filed concurrently with this
5  Notice of Removal – within 14 days of the date this Notice of Removal is filed.  *See* CR 101(b).

6      Dated: July 1, 2011                OGLETREE, DEAKINS, NASH, SMOAK &
7                                                          STEWART, P.C.

8                                                          By: /s/ David P.R. Symes
9                                                             David P.R. Symes, WSBA No. 33457
                                                            david.symes@ogletreedeakins.com
10                                                             Attorneys for Defendants

11 10485724.3 (OGLETREE)

NOTICE OF REMOVAL OF ACTION TO    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
FEDERAL COURT - 5                              222 SW Columbia Street, Suite 1500 | Portland, OR 97201
                                                    Phone:  503-552-2141 | Fax: 503-224-4518

# CERTIFICATE OF SERVICE

I hereby certify that on **July 1, 2011**, I served the foregoing **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** on:

Rodney R. Moody
Law Office of Rodney R. Moody
2820 Oakes Ave., Suite D
Everett, WA 98201
    Attorney for Plaintiff

- ■ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

- ☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

- ☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

- ☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

- ■ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

Dated: July 1, 2011.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ David P.R. Symes
    David P.R. Symes, WSBA No. 33457
    david.symes@ogletreedeakins.com
    Attorneys for Defendants

10486292.2 (OGLETREE)

CERTIFICATE OF SERVICE - 1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518