```
FILED

2011 JUN 15  AM 10: 24

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.
```

# AFFIDAVIT OF SERVICE

**State of WASHINGTON**                    **County of KING**                    **Superior Court**

Case Number: 11-2-16928-6 SEA

Plaintiff:
**ERMINE L. SHELTON,**

vs.

Defendant:
**RIVERSTONE OPERATING COMPANY, INC., A TEXAS CORPORATION;**
**BLACKROCK REALTY ADVISORS, INC., DELAWARE CORPORATION,**

Received by NORTH SOUND DUE PROCESS to be served on **RIVERSTONE OPERATING COMPANY, INC. C/O CORPORATION SERVICE COMPANY, 300 DESCHUTES WAY SW STE 304, TUMWATER, WA 98501.**

I, D. NORRIS, being duly sworn, depose and say that on the **2nd day of June, 2011** at **12:59 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS; COMPLAINT FOR DAMAGES; ORDER SETTING COVIL CASE SCHEDULE** with the date and hour of service endorsed thereon by me, to: **JUANITA HUEY** as **AGENT FOR CORPORATION SERVICE COMPANY** for **RIVERSTONE OPERATING COMPANY, INC.**, at the address of: **300 DESCHUTES WAY SW STE 304, TUMWATER, WA 98501**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the ___6___ day
of ___June___, ___2011___ :

_____
Notary Public

[Notary seal: NOTARY PUBLIC — STATE OF WASHINGTON]

**D. NORRIS**
Process Server #9527

**NORTH SOUND DUE PROCESS**
**7901 Happy Hollow Rd**
**Stanwood, WA 98292**
**(425) 238-7408**

Our Job Serial Number: WLS-2011001602

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4i

ORIGINAL

**Exhibit A**
**Page 1 of 21**

RECEIVED

MAY - 9 2011

Cashier Section
Superior Court Clerk

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**

ERMINE L. SHELTON,

                Plaintiff,

Vs.

RIVERSTONE OPERATING COMPANY, INC., a
Texas Corporation; BLACKROCK REALTY
ADVISORS, INC., Delaware Corporation.

                Defendants.

No   11 - 2 - 1 6 9 2 8 - 6 SEA

SUMMONS

**TO THE DEFENDANT:** A lawsuit has been started against you in the above entitled court by Ermine L. Shelton, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days for in-state defendants and 60 days for out-of-state defendants after the service of the summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

    You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing the summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of the summons and complaint will be void.

    If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

    This summons was issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

SUMMONS

Page 1 of 2

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 681-0175

ORIGINAL



1

2    DATED this 9th day of May, 2011

3                                    Rodney R. Moody, WSBA #17416
                                     Attorney for Plaintiff
4
                                     2820 Oakes Ave., Ste. D
5                                    Everett, WA 98201
                                     (425) 681-0175
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SUMMONS                                          *Law Office of*
                                         **RODNEY R. MOODY**
Page 2 of 2                                2820 Oakes Ave., Ste. D
                                            Everett, WA 98201
                                             WSBA #17416
                                             (425) 681-0175

RECEIVED

MAY - 9 2011

Cashier Section
Superior Court Clerk

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**

ERMINE L. SHELTON,

                    Plaintiff,

Vs..

RIVERSTONE OPERATING COMPANY, INC., a
Texas Corporation, BLACKROCK REALTY
ADVISORS, INC., a Delaware Corporation,

                    Defendants.

No. 11-2-16928-6 SEA

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff Ermine L. Shelton, by and through her attorney, Rodney R. Moody, and hereby alleges as follows:

## I. PARTIES

1.1    Plaintiff, Ermine L. Shelton is a single individual and at all times material hereto has resided in King County, Washington.

1.2    Defendant Riverstone Operating Company, Inc., is a Texas corporation registered to conduct business in the State of Washington.

1.3    Defendant BlackRock Realty Advisors, Inc., is a Delaware corporation registered to conduct business in the State of Washington.

## II. JURISDICTION AND VENUE

2.1    Plaintiff is a resident of King County, Washington. Plaintiff was employed by Defendant Riverstone while residing in King County.

2.2    Both Defendant's Riverstone and BlackRock transact business in King County, Washington.

COMPLAINT FOR DAMAGES
Page 1 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

2.3    Jurisdiction and venue are appropriate with this Court pursuant to RCW 4.12.

## III. BACKGROUND FACTS

3.1    The Plaintiff began work for Defendant Blackrock on October 15, 2007. She was initially hired as a temporary employee effective October 31, 2007, and was officially listed as a new hire under Metric Properties which is a BlackRock Company.

3.2    In April 2008 the Regional Manager for Defendant Riverstone Residential Group, Michelle Jones, and a Senior Vice President for Defendant Blackrock, Lisa Skochdopole, contacted the Plaintiff and asked her to transfer employment to the Tera Apartments in Kirkland as a leasing agent. Tera Apartments is owned by BlackRock and managed by Riverstone. The Plaintiff accepted this transfer and began work at Tera Apartments shortly thereafter.

3.3    As part of her compensation for this transfer the Plaintiff was guaranteed a commission for each lease closed in the amount of $100. She was informed during this meeting that this compensation schedule would not change so long as she was employed at Tera Apartments. In December 2009 the Regional Manager adjusted the leasing commission down to $60 per lease closed thereby failing to comply with the agreement previously reached.

3.4    At the time the Plaintiff began work as a leasing agent at Tera Apartments the property was 82% occupied and considered in the "red zone." Within one-month of the Plaintiff's transferring to Tera Apartments and as a direct result of the Plaintiff's efforts the property was 92% occupied. The occupancy rate continued to increase during her employment.

3.5    The Plaintiff continued to perform her job in a satisfactory manner. She was presented with several awards of recognition as well as increased financial compensation because of her efforts maintaining the occupancy rate.

3.6    The Plaintiff is of mixed racial heritage. Her mother is of Japanese descent and the Plaintiff herself is one quarter Japanese.

3.7    The Plaintiff at all relevant times was older than 50 years of age and her gender is female.

3.8    In 2010 a new maintenance supervisor by the name of Valentine made an inappropriate comment regarding the gender of the individual at Home Depot that made a mistake on

COMPLAINT FOR DAMAGES
Page 2 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

one of his orders. Valentine stated in front of the Plaintiff and the Assistant Property Manager, Nichole Hopper, that "it makes sense because it was of course a stupid woman who took the order!" As a result of this comment Valentine was required to take a sensitivity class and given a verbal warning regarding the inappropriate comments he made regarding gender in front of and to his fellow co-employees.

3.9   Subsequent to this sensitivity training Valentine continued to make inappropriate derogatory gender related comments to the Plaintiff. The Plaintiff brought these inappropriate comments to the attention of the new Property Manager, Tara Fuller, but was ignored and no action was taken. These behaviors continued to have a negative impact upon and did influence negatively the work environment within which the Plaintiff was impacted.

3.10   In early 2010 Valentine spoke to the Plaintiff directly regarding a Japanese water fountain which she had on the corner of her desk. He stated to her "[o]h, I bet you got that fountain from one of our stupid dumb slanted eyed residents, didn't you!" The Plaintiff was shocked and taken aback by this comment. The Plaintiff responded that she herself was one quarter Japanese and that she resented his remark. She asked him to go elsewhere. Valentine responded by stating, "[h]ey, no kidding it is just a stupid looking fountain and why would you have such a dumb looking thing like that on your desk?" These comments were made after Valentine had completed sensitivity training. The Plaintiff continued to ask him to leave the area, but he remarked in surprise, "[w]hat? You cannot mean that you are part Japanese? I do not see how that can be? You look white!" The Plaintiff told him again that she had a mixed racial heritage and she took personal offense at his comments once again asking him to leave. Valentine finally did leave the area and walked away from the leasing office talking in a loud manner and laughing as he left. All this occurred in front of the Assistant Manager, Nichol Hopper, who heard the entire incident but said and did nothing to correct this behavior.

3.11   The Plaintiff brought this incident to the attention of Ms. Fuller who dismissed her and did nothing further regarding the incident.

3.12   Subsequent to this discussion Ms. Fuller began to retaliate against the Plaintiff because she reported these issues. She started leaving notes on the Plaintiff's files stating they

COMPLAINT FOR DAMAGES
Page 3 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940 · Fax (425) 740-2941

were not complete. The Plaintiff began to notice that materials which she had placed in the files were being taken out and discarded. This retaliation continued to escalate on a daily basis.

3.13  When the Plaintiff realized that her Property Manager was not going to address the situation she brought these incidents to the attention of the Regional Manager, Michele Jones, on or about March 1, 2010. In addition, the Plaintiff brought to her attention the fact that the maintenance staff and particularly Valentine were failing on a consistent basis to clean the apartment for individuals moving into a new apartment which required the Plaintiff herself to work many hours cleaning apartments so the new tenant could move into a clean residence. The Plaintiff told Ms. Jones that she took issue with Valentine directly because of his continued racial and gender derogatory comments. She also told Ms. Jones she had an issue with the lack of maintenance support while receiving numerous complaints from tenants at Tera Apartments regarding the situation.

3.14  The day after meeting with Regional Manager Michelle Jones, the Property Manager Tara Fuller, and Assistant Property Manager Nichole Hopper held a staff meeting at which the Plaintiff was also present. During this meeting Ms. Fuller made the comment that if anyone made a complaint regarding work or other problems at Tera Apartments and did not give her the opportunity to first address the problem before going to the Regional Manager that individual would be held accountable as being the problem. In essence, this was a threat from Ms. Fuller to the Plaintiff directly.

3.15  On March 26, 2010, the Plaintiff tripped on a two inch ridge which existed in the floor of her office because of the incorrect installation of the flooring and fell to the ground injuring herself. This injury was immediately reported to her Assistant Property Manager. When it became clear that day the injury was serious the Plaintiff asked Ms. Hopper to take her to the Emergency Room to seek medical attention. Ms. Hopper refused to take her to seek medical attention. The Plaintiff was forced to work the rest of the day and then was able to arrange transportation for herself to medical attention. The Plaintiff experienced considerable pain resulting from this injury.

3.16  On March 27, 2010, the Plaintiff went to Evergreen Hospital and was examined by Dr. Wade Webster. She was placed on 14 days leave by Dr. Webster, required to keep her

COMPLAINT FOR DAMAGES
Page 4 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

foot elevated and maintain complete rest with ice packs during this time. The conditions were immediately reported to her property manager.

3.17 Following a period of time with little improvement in her condition the Plaintiff went to go see Dr. Mary Crawford at the Ankle and Foot Clinic of Everett. An MRI was performed which confirmed suspicions of a torn tendon on the outside of the left ankle. The Doctor restricted her ability to walk to a maximum of 15 minutes per hour during the work day and only while utilizing a cast boot.

3.18 The Plaintiff returned to work on April 10, 2010. Despite her direct request to her Property Manager to limit her walking to 15 minutes per hour as ordered by her Doctor Ms. Fuller refused this accommodation and the Plaintiff was required to walk with potential tenants substantially more than this amount of time. Despite the Manager's refusal to permit this accommodation subsequent to Plaintiff's return to work the Plaintiff continued to perform her job in a satisfactory manner. She continued to show apartments to prospective tenants even though her ability to walk without assistance was limited.

3.19 Immediately after her return to work the Defendants retained Alliance Carpet Company to come and repair the floor within the office. This company pulled the carpet back from the separation and placed padding under the carpet area to raise the level and diminish the ridge that existed on the floor.

3.20 After the initial period of 14 days rest and limited walking failed to improve her condition, surgery was scheduled for August 11, 2010. The Plaintiff informed Ms. Fuller that she would need additional accommodation regarding her ability to walk and to show prospective tenants vacant apartments because of the recovery which would be necessary for her ankle.

3.21 On July 19, 2010, after notifying Ms. Fuller of the scheduled surgery the Plaintiff's employment was terminated by Defendant Riverstone. The alleged basis for this termination was twofold involving interactions with two prospective tenants in the month prior to her scheduled surgery.

3.22 The first claimed basis for termination was that the Plaintiff showed a prospective tenant the inside of apartment B-311 on July 11, 2010, which an occupied apartment. This apartment was occupied by a maintenance technician, Milton Brady, and his roommate

COMPLAINT FOR DAMAGES
Page 5 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

Brenda Shaw. It was alleged that the Plaintiff showed the prospective tenant the inside of this apartment through the use of her access key without permission and thereby policy.

3.23 Prior to showing this apartment the Plaintiff had discussed showing this apartment directly with the tenant, Mr. Brady who provided authorization to the Plaintiff to enter his apartment. This was in complete conformance with established policies of the Defendants.

3.24 The second claimed basis for termination also occurred in July 2010. The Plaintiff showed a prospective tenant, Barbara Blessing, an apartment in the building. Ms. Blessing specifically wished to talk with the Property Manager, Ms. Tera Fuller, regarding her qualifications because of an old criminal related matter. The Plaintiff escorted Ms. Blessing down to Ms. Fuller's office. There was concern whether an old criminal conviction had been expunged from her record and whether this could be an impediment to her residency. Ms. Fuller informed Ms. Blessing in the Plaintiff's presence that the only way they would be able to determine if she was approved for residency was to go through the application process. Ms. Fuller also told Ms. Blessing there may be the possibility of a Regional Manager override.

3.25 Ms. Fuller asked Ms. Blessing if the Plaintiff had given her a credit application. She replied that she had. Ms. Fuller asked the Plaintiff to put the conversation into writing. The Plaintiff sent Ms. Blessing an email documenting the conversation.

3.26 Approximately one week later on July 7th or 8th the Plaintiff noticed that the criminal report for Ms. Blessing had not been received. In addition Ms. Blessing's co-signer, Stuart Brown, had not dropped off a $42.00 application fee. The Plaintiff went to Ms. Fuller and advised her that Ms. Blessing intended to move in on July 16th, but the criminal report was not back. Ms. Fuller looked on her computer and commented that Ms. Blessing's credit looked good.

3.27 Only the Property Manager and the Assistant Property Manager had the password to check the criminal background portion of an application, the Plaintiff did not.

3.28 The Plaintiff was scheduled to have her two days off the next day. Ms. Fuller directed the Plaintiff to call Ms. Blessing and inform her that she was basically approved to move in. The Plaintiff advised her that she was not comfortable doing that because the criminal

COMPLAINT FOR DAMAGES
Page 6 of 11

Law Office of
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

Exhibit A
Page 9 of 21

portion of the report was not back yet. Ms. Fuller stated she was sure Ms. Blessing was fine and if she or Ms. Hopper found a problem they would let Ms. Blessing know in plenty of time.

3.29 At the direction of Ms. Fuller the Plaintiff called Ms. Blessing and told her that the complete report had not been received yet and that she would be off for the next two days. She also informed Ms. Blessing that her co-signer still needed to come into the office and pay $42.00 as part of the application fee. At no time did she inform Ms. Blessing that she was approved to move in.

3.30 Upon her return to work on July 17th Ms. Hopper approached the Plaintiff and told her that she was in "deep trouble for calling and telling your prospect, Barbara Blessing, that she was approved!" The Plaintiff told Ms. Hopper that she had called Ms. Blessing at the direction of Ms. Fuller and had informed her only that the credit/criminal report was not complete.

3.31 Ms. Hopper admitted to the Plaintiff that Ms. Fuller had made a mistake while inputting the information for Ms. Blessing when she neglected to check the box requesting the criminal history. Ms. Hopper told the Plaintiff that Ms. Fuller did not want to be fired so she had deliberately misinformed the Regional Manager that the Plaintiff was the person who called Ms. Blessing and told her she was approved to move in.

3.32 The Plaintiff wanted to immediately call Ms. Jones, but she was on vacation and unavailable. Ms. Hopper told the Plaintiff that Ms. Jones was angry with her because Ms. Jones had been called into corporate headquarters when Ms. Blessing went there to complain when she showed up to sign papers to move in only to be told by Ms. Fuller that her criminal history prevented her from being approved.

3.33 The Plaintiff complied with all company guidelines regarding her involvement with the credit application for Ms. Blessing. The accusations against the Plaintiff for the manner in which this was handled were false and contrived by her superiors.

3.34 The Plaintiff underwent surgery to repair the torn tendon on August 11, 2010.

## IV.    FAILURE TO ACCOMMODATE

COMPLAINT FOR DAMAGES
Page 7 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

**Exhibit A**
**Page 10 of 21**

4.1    Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

4.2    Both Defendants owed the Plaintiff a duty of accommodation. The Defendants failed to meet this duty when following the injury sustained by the Plaintiff on March 26, 2010, the Defendants failed to accommodate this injury and instead terminated her employment as a direct response.

4.3    The ankle injury sustained by the Plaintiff on March 26, 2010, required an accommodation by the Defendants and the accommodation requested was medically necessary for the Plaintiff to continue to perform her job in an appropriate fashion. In addition, the Plaintiff's continuing to perform her job without accommodation was likely to aggravate the impairment until it became substantially limiting.

4.4    The Plaintiff has suffered economic harm in an amount to be proven at trial. Plaintiff's damages include her lost wages, lost benefits, lost housing, costs of litigation, as well as the emotional harm created by the actions of both Defendants.

## V. RETALITORY DISCHARGE

5.1    The Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

5.2    Subsequent to bringing her medical condition and need for accommodation to the attention of her immediate supervisor the Plaintiff was discharged by the Defendants.

5.3    The claimed basis for her termination alleged facts which were not true. The Plaintiff did have verbal permission to show the apartment of Mr. Brady and this verbal permission was granted prior to the actual showing of the apartment. Further, the Plaintiff's immediate superior deliberately provided false information alleging the Plaintiff's failure to follow proper procedure.

5.4    The basis for the Defendants termination of Plaintiff's employment was the Plaintiff's notification to her superior of the necessity for a surgical procedure based upon the March 26, 2010, workplace accident as well as the resulting accommodation which would be necessary.

5.5    The Plaintiff has suffered economic harm in an amount to be proven at trial for her lost wages, lost benefits, loss of housing, costs of litigation as well as the emotional harm created by the actions of the Defendant.

COMPLAINT FOR DAMAGES
Page 8 of 11

Law Office of
RODNEY R. MOODY
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940 Fax (425) 740-2941

## VI. AGE DISCRIMINATION

6.1    The Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

6.2    At all times the Plaintiff was over 40 years of age.

6.3    The Plaintiff experienced numerous comments being made to her regarding her age from the local employees. These comments created a negative work environment for the Plaintiff.

6.4    The Plaintiff experienced discrimination in the workplace and was ultimately terminated from her employment because she brought these discriminatory comments to the attention of management.

6.5    The Plaintiff has suffered economic harm in an amount to be proven at trial for her lost wages, lost benefits, loss of housing, costs of litigation as well as the emotional harm created by the actions of the defendants.

## VII. RACIAL DISCRIMINATION

7.1    The Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

7.2    The Plaintiff personally is of mixed racial descent.

7.3    The Plaintiff experienced racially derogatory comments being made directly to her which were personally offensive. She brought these incidents of racial comments being made to her to the attention of her superior, but they were ignored.

7.4    As a direct result of these derogatory racial comments being made to her the Plaintiff experienced a stressful and negative work environment. The Plaintiff's employment was terminated as a direct and proximate result of bring her complaints being brought to the attention of management.

7.5    The Plaintiff has suffered economic harm in an amount to be proven at trial for her lost wages, lost benefits, loss of housing and costs of litigation as well as the emotional harm created by the failure of the Defendants to address these racially derogatory comments permitted in the workplace.

## VIII. GENDER DISCRIMINATION

8.1    The Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

8.2    While at work the Plaintiff experienced derogatory comments being made regarding the female gender by one of the maintenance employees. These comments were brought to

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

the attention of her superior and the individual was initially required to attend sensitivity training. Despite this training gender discriminatory comments continued to be made in the workplace in the Plaintiff's presence and thereby creating a negative work environment.

8.3     The fact that these gender discriminatory comments continued to be made was brought to the attention of the Plaintiff's superior that subsequently ignored this information. The Plaintiff's employment was terminated as a direct and proximate cause of bringing these comments to the attention of management.

8.4     The Plaintiff has suffered economic harm an amount to be proven at trial for her lost wages, lost benefits, cost of housing and costs of litigation as well as the emotional harm created by the failure of the Defendants to address these gender discriminatory comments being made in the workplace.

## IX. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

9.1     The Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

9.2     In 2010 the Plaintiff attempted to exercise her right under the Family Medical Leave Act and the Washington State Medical Leave Act. The Plaintiff communicated to her supervisor immediately on March 26, 2010, her injury and subsequently her need for surgery and resulting accommodation.

9.3     The Plaintiff also brought to the attention of her supervisor the racial, gender, and age discrimination she was experiencing. All of these issues were ignored by the Defendants.

9.3     Because of these acts the Plaintiff was retaliated against by the Defendants when her files were altered and ultimately her employment was terminated as a direct result of the Plaintiff exercising these various rights.

9.4     The Plaintiff has suffered economic damages in an amount to be proven at trial. These damages include lost wages, loss of benefits, costs of litigation, as well as the emotional harm created by the actions of the Defendants.

## X. BREACH OF CONTRACT

10.1    Plaintiff hereby realleges the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES
Page 10 of 11

*Law Office of*
**RODNEY R. MOODY**
2820 Oakes Ave., Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940 . Fax (425) 740-2941

10.2   At the time of transferring to the Tera Apartments the Plaintiff agreed with the Regional Manager to a compensation package which included a $100 commission for each lease closed.

10.3   In December 2009 the Regional Manager unilaterally altered the agreed contract to reduce the commission to $60 per lease closed. No additional consideration was offered to the Plaintiff for this unilateral reduction in commission.

10.4   The Plaintiff has suffered economic harm in an amount to be proven at trial in reduced commissions as a result of this breach of contract.

WHEREFORE, having stated the preceding facts and causes of action the Plaintiff does hereby pray for relief as follows:

1.   For economic damages for lost wages, lost benefits, and of the loss of her housing.

2.   For economic damages relating to the emotional pain and suffering experienced by the Plaintiff as a result of the actions and failure to act by the Defendants.

3.   For her reasonable attorney fees and costs of suit.

4.   For such other relief as the court may deem just and equitable.

DATED this 9th day of May, 2011

_____
Rodney R. Moody, WSBA #17416
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 11 of 11

Law Office of
RODNEY R. MOODY
2820 Oakes Ave. Ste. D
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

Exhibit A
Page 14 of 21

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ERMINE SHELTON | NO. 11-2-16928-6   SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| RIVERSTONE OPERATING COMPANY, INC., ET ANO. | ASSIGNED JUDGE: Schapira          28 |
| | FILE DATE:                          05/09/2011 |
| Defendant(s) | TRIAL DATE:                     10/22/2012 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____
        Print Name                            Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08     1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] —
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. Any party filing a **Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                                      REV. 12/08      2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 05/09/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Mon 10/17/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Mon 10/17/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)]. | Mon 10/31/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 05/21/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 07/02/2012 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon 07/16/2012 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon 07/16/2012 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Tue 09/04/2012 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 09/24/2012 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 10/01/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16]. | Mon 10/01/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56, CR 56]. | Mon 10/08/2012 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 10/15/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | Mon 10/15/2012 | * |
| Trial Date [See KCLCR 40]. | Mon 10/22/2012 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    05/09/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A: Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B: Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

**C: Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals, shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_Richard F. McDermott_

**PRESIDING JUDGE**

King County
Department of Judicial Administration
Superior Court Clerk's Office

# IMPORTANT NOTICE
## KING COUNTY SUPERIOR COURT HEARING LOCATIONS WILL CHANGE
## IF THE MALENG REGIONAL JUSTICE CENTER IN KENT IS CLOSED

The Maleng Regional Justice Center (MRJC) in Kent lies within the former Green River floodplain and is at risk of flooding if the Green River overtops its levies in a major flood event. The MRJC facility will likely be evacuated and closed if an imminent flood is predicted and operations normally located there will be forced to relocate.

If it becomes necessary to close the MRJC facility and relocate the courtrooms, some scheduled court proceedings at the King County Courthouse in Seattle will also be affected, with a changed location.

**PLEASE NOTE: If you have a court proceeding scheduled at either the King County Courthouse in Seattle or the Maleng Regional Justice Center in Kent, please call (206) 296-9300 x '0' to learn if there is a flood related change to the location of your court proceeding. Call within two days of your scheduled court date for the current information.**

Current MRJC flood status and proceeding location information will also be posted online here:

King County Superior Court's website:  http://www.kingcounty.gov/courts/superiorcourt

King County Clerk's Office website: http://www.kingcounty.gov/courts/Clerk

The Clerk's Office and Superior Court remain committed to providing good customer service throughout the flood watch season and, if necessary, during a MRJC facility closure period. We thank you for your patience during this time.

*Please include a copy of this notice when providing copies of court documents to other parties.